**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAWAIISU TRIBE OF TEJON and DAVID LAUGHING HORSE ROBINSON, <br><br> Plaintiff, <br><br> v. <br><br> SALLY JEWELL, in her official capacity as Secretary of the United States Department of the Interior, <br><br> Defendant. | Case No.: 1:16-cv-01939 - AWI - JLT <br><br> ORDER TO PLAINTIFF DAVID LAUGHING HORSE ROBINSON TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR LACK OF STANDING |

David Laughing Horse Robinson seeks to proceed *pro se* in this action, asserting he is the Chairman of the non-federally recognized Kawaiisu Tribe of Tejon ("the Tribe"). As the chairman, Plaintiff seems to seek to represent the Kawaiisu Tribe of Tejon as an additional plaintiff in the action. However, the only remedy sought in the action is on behalf of the Tribe, which seeks to "void[] the reaffirmation of the Tejon Tribe, including [its] appurtenant rights to land." (*See* Doc. 1 at 20)

Significantly, however, David Laughing Horse Robinson fails to allege facts demonstrating he has standing to raise this claim. In addition, Plaintiff cannot bring claims on behalf of the Tribe while proceeding *pro se* in this action. The Ninth Circuit determined the right to represent oneself does not extend to representation of others. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself").

Moreover, "[a] corporation may appear in federal court only through licensed counsel." *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see also D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney"). As explained the Supreme Court, the rationale for a rule requiring corporations to appear in federal court through an attorney "applies equally to all artificial entities." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). Consequently, this Court and others have have determined the "[t]he rationale for this rule applies equally to an Indian tribe." *Burley v. San Joaquin County Sheriff's Office*, 2010 WL 2574024 at *1 (E.D. Cal. June 2010); *see also See New Jersey Sand Hill Band of Lenape & Cherokee Indians v. California,* 2009 WL 3488683, at *1 (N.D. Cal. Oct. 26, 2009) (evaluating only the claims brought by an individual plaintiff and declining to evaluating the tribe's claims, in accordance with a local rule that precluded a *pro se* party from appearing on behalf of an entity). Thus, David Laughing Horse Robinson is unable to represent the claims of the Kawaiisu Tribe of Tejon in this action.

Accordingly, plaintiff David Laughing Horse Robinson **SHALL** show cause in writing why the action should not be dismissed for lack of standing within fourteen days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **January 10, 2017**                    **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE